IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| JOSEPH ANTHONY CRAWFORD, TDCJ #1289680, | § § § | |
| Petitioner, | § § | |
| v. | § § | CIVIL ACTION NO. H-09-1397 |
| NATHANIEL QUARTERMAN, Director, Texas Department of Criminal Justice - Correctional Institutions Division, | § § § § | |
| Respondent. | § § | |

## MEMORANDUM AND ORDER

The petitioner, Joseph Anthony Crawford (TDCJ #1289680), is a state inmate incarcerated in the Texas Department of Criminal Justice - Correctional Institutions Division (collectively, "TDCJ").  Crawford has filed a petition for a federal writ of habeas corpus under 28 U.S.C. § 2254, seeking relief from a state court conviction.  After reviewing the pleadings and the applicable law under Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts, however, the Court concludes that this case must be **dismissed** for reasons set forth below.

## I.   BACKGROUND

Crawford reports that he was convicted following a jury trial on May 3, 2005, of evading arrest in cause number 994680.  Thereafter, the 185th District Court of Harris County, Texas, sentenced Crawford to serve thirty-five years in prison.  That sentence was overturned, however, on direct appeal.

On direct appeal, Crawford argued that the evidence was legally and factually insufficient to support his conviction because the State did not prove the requisite element of venue. Crawford argued further that the State failed to present evidence that he had a prior conviction for evading arrest or detention, thereby elevating the charged offense from a state jail felony to a third-degree felony for purposes of punishment. The intermediate court of appeals rejected Crawford's argument regarding venue, but sustained his point of error concerning the punishment issue. *See Crawford v. State*, No. 01-05-00292-CR, 2006 WL 908458 (Tex. App.— Houston [1st Dist.] April 6, 2008). Thus, the court of appeals vacated Crawford's thirty-five-year prison sentence and remanded his case for a new trial on punishment.

On remand, the 185th District Court held a new punishment hearing and sentenced Crawford to serve eighteen years in prison. Crawford filed a second direct appeal, complaining that the trial court denied him a jury trial for purposes of determining his new sentence. The Court of appeals rejected this argument and affirmed the sentence. *See Crawford v. State*, No. 14-06-00818-CR, 2007 WL 2682244 (Tex. App. — September 13, 2007). The Texas Court of Criminal Appeals refused Crawford's petition for discretionary review on June 11, 2008.

Crawford now seeks a writ of habeas corpus to challenge his state court conviction under 28 U.S.C. § 2254. Crawford complains that the sentence imposed in his punishment

proceeding was outside the applicable range for a state jail felony.[1]  Crawford contends further that he was denied effective assistance of counsel because his attorney failed to raise certain objections in connection with his punishment.  Because Crawford has not yet exhausted available state court remedies with respect to these claims, the pending federal petition must be dismissed for reasons that follow.

## II.    **EXHAUSTION OF REMEDIES**

Under the governing federal habeas corpus statutes, "[a]n application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that . . . the applicant has exhausted the remedies available in the courts of the State." 28 U.S.C. § 2254(b)(1)(A).  Thus, a petitioner "must exhaust all available state remedies before he may obtain federal habeas corpus relief."  *Sones v. Hargett*, 61 F.3d 410, 414 (5th Cir. 1995).  The exhaustion requirement "is not jurisdictional, but reflects a policy of federal-state comity designed to give the State an initial opportunity to pass upon and correct alleged violations of its prisoners' federal rights." *Moore v. Quarterman*, 454 F.3d 484, 490-91 (5th Cir. 2006) (quoting *Anderson v. Johnson*, 338 F.3d 382, 386 (5th Cir. 2003) (internal citations and quotations omitted)).  Exceptions exist only where there is an absence of available State corrective process or circumstances exist that render such process ineffective to protect the rights of the applicant.  *See* 28 U.S.C.

---

[1]    Presumably, Crawford contends that his sentence could not exceed two years' confinement in a state jail facility.  Depending on whether he has a prior felony conviction for purposes of enhancing his sentence, the range of punishment for an individual adjudged guilty of a state jail felony in Texas is confinement in a state jail for a term of not more than two years or less than 180 days.  *See* TEX. PENAL CODE § 12.35(a).

§ 2254(b)(1)(B).  A reviewing court may raise a petitioner's failure to exhaust *sua sponte*. *Tigner v. Cockrell*, 264 F.3d 521, 526 (5th Cir. 2001).

To exhaust his state remedies under the applicable statutory framework, a habeas petitioner must fairly present "the substance of his claim to the state courts."  *Moore*, 454 F.3d at 491 (quoting *Vasquez v. Hillery*, 474 U.S. 254, 258 (1986)).  A federal habeas petitioner shall not be deemed to have exhausted the remedies available in the state courts "if he has the right under the law of the State to raise, by any available procedure, the question presented."  28 U.S.C. § 2254(b)(1)(C).  In Texas, a criminal defendant may challenge a conviction by taking the following paths:  (1) the petitioner may file a direct appeal followed, if necessary, by a petition for discretionary review in the Texas Court of Criminal Appeals; and/or (2) he may file a petition for writ of habeas corpus under Article 11.07 of the Texas Code of Criminal Procedure in the convicting court, which is transmitted to the Texas Court of Criminal Appeals once the trial court determines whether findings are necessary.  *See* TEX. CODE CRIM. PROC. art. 11.07 § 3(c); *see also Busby v. Dretke*, 359 F.3d 708, 723 (5th Cir.) ("Habeas petitioners must exhaust state remedies by pursuing their claims through one complete cycle of either state direct appeal or post-conviction collateral proceedings.").

Crawford concedes in his pending petition that he presents all of his claims for the first time on federal habeas review.  (Doc. # 1, ¶ 22).  Other than his direct appeal, Crawford reports that he has not filed any other "petitions, applications, or motions" to challenge his conviction in state court.  (*Id.* at ¶ 10).  Therefore, it appears that Crawford has not yet raised

4

any of his claims in a state habeas corpus application under Article 11.07 of the Texas Code of Criminal Procedure.  Because this state process remains available, the petitioner does not satisfy any statutory exception to the exhaustion doctrine.  Comity requires this Court to defer until the Texas Court of Criminal Appeals has addressed the petitioner's claims.  It follows that the pending federal habeas petition must be dismissed as premature for lack of exhaustion.

## III.   CERTIFICATE OF APPEALABILITY

Because the habeas corpus petition filed in this case is governed by the Antiterrorism and Effective Death Penalty Act, codified as amended at 28 U.S.C. § 2253, a certificate of appealability is required before an appeal may proceed.  *See Hallmark v. Johnson*, 118 F.3d 1073, 1076 (5th Cir. 1997) (noting that actions filed under either 28 U.S.C. § 2254 or § 2255 require a certificate of appealability).  "This is a jurisdictional prerequisite because the COA statute mandates that '[u]nless a circuit justice or judge issues a certificate of appealability, an appeal may not be taken to the court of appeals . . . .'" *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003) (citing 28 U.S.C. § 2253(c)(1)).

A district court may deny a certificate of appealability, *sua sponte*, without requiring further briefing or argument.  *See Alexander v. Johnson*, 211 F.3d 895, 898 (5th Cir. 2000). Because the exhaustion prerequisite to federal habeas corpus review is well established, the Court concludes that jurists of reason would not debate whether the procedural ruling in this case was correct.  Accordingly, a certificate of appealability will not issue in this case.

## IV.   CONCLUSION AND ORDER

For these reasons, the Court **ORDERS** as follows:

1.    The petition is **DISMISSED WITHOUT PREJUDICE** for failure of the petitioner to exhaust all available remedies on all his claims to the state's highest court of criminal jurisdiction as required by 28 U.S.C. § 2254.

2.    A certificate of appealability is **DENIED**.

The Clerk will provide copies of this order to the parties.

SIGNED at Houston, Texas, on <u>May 12th                                        </u>, 2009.

Nancy F. Atlas
United States District Judge

6